# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **GLADYS SANCHEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Civil Action No. 2015-0023 |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**Attorneys:**
**Pamela L. Colon, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Joycelyn Hewlett, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the United States' Motion to Dismiss for insufficient service of process, pursuant to Rules 12(b)(5), 4(i), and 4(m) of the Federal Rules of Civil Procedure. (Dkt. No. 7). Plaintiff has not filed an Opposition or otherwise responded to the United States' Motion.[1] For the reasons that follow, the Court will deny the United States' Motion to Dismiss, without prejudice, and will afford Plaintiff additional time within which to perfect service of process on the United States.

### I.  BACKGROUND

On March 25, 2015, Plaintiff filed a single-count Complaint against the United States alleging negligence for injuries that she allegedly sustained from a slip and fall accident at the

---

[1] In an Order entered on November 13, 2015, this Court denied Plaintiff's *fifth* request for an extension of time to file an Opposition to Defendant's Motion to Dismiss (Dkt. No. 19), after warning Plaintiff on October 30, 2015 that no further extensions of time would be granted (*see* Dkt. No. 17).

W.R. Armstrong Post Office, located on the island of St. Croix in the United States Virgin Islands. (*See* Dkt. No. 1). On July 6, 2015, the Magistrate Judge of this Court, *sua sponte*, ordered Plaintiff to show cause why this matter should not be dismissed for failure to prosecute. (Dkt. No. 4). In a Response, filed on July 17, 2015, Plaintiff submitted to the Court that "dismissal is not warranted here since Plaintiff has pursued service upon Defendant in this matter." (Dkt. No. 5). Plaintiff stated further that "Defendant [w]as . . . properly served on April 2, 2015, and that [the] returned executed Summons was filed with the Court on April 10, 2015." (*Id*.). In an Order discharging the Order to Show Cause, entered on July 21, 2015, the Magistrate Judge "decline[d] to dismiss the matter or otherwise sanction Plaintiff." (Dkt. No. 6).

On August 6, 2015, the United States filed the instant Motion to Dismiss for insufficient service of process, pursuant to Rules 12(b)(5), 4(i), and 4(m) of the Federal Rules of Civil Procedure. (Dkt. No. 7). Specifically, the United States contends that Plaintiff has not properly served the United States because she did not serve the United States Attorney for the District of the Virgin Islands, as required by Rule 4(i)(1)(A)(i). (*Id*. at 2-3). As stated above, Plaintiff has not filed an Opposition or otherwise responded to the United States' Motion.

## II.   DISCUSSION

### A.  Applicable Legal Principles

Federal Rule of Civil Procedure 12(b)(5) permits a district court to dismiss an action for insufficient service of process. FED. R. CIV. P. 12(b)(5). Under Rule 12(b)(5), a defendant may attack the manner in which a summons and complaint were served, or the lack of service thereof. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 570 (3d Cir. 1996) (holding that "a summons . . . is not effective in conferring personal jurisdiction . . . if it is not served in accordance with Rule 4 of the Fed. R. Civ. P."). The party responsible for service bears the burden of proving sufficient service of process. *See Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d

476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Rule 4(i), which sets forth the requirements for service on the United States, provides, in relevant part:

(1) United States. To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

FED. R. CIV. P. 4(i)(1)(A)-(B). Under Rule 4(m) as it existed at the time this action was filed, a plaintiff had 120 days after the complaint was filed within which to effect service. FED. R. CIV. P. 4(m).[2]

In addition to setting forth the 120-day period for service of process, Rule 4(m) states that "if the plaintiff shows good cause for the failure [to timely serve the defendant], the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). "If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."

---

[2] Effective December 1, 2015, Rule 4(m) was amended to reduce the time for serving a defendant from 120 days to 90 days. *See* FED. R. CIV. P. 4(m) (2015). At the time the instant action was filed, the 120-day time limit was in effect. Accordingly, the pre-amendment version of Rule 4(m) applies in this case.

3

*MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting *Petrucelli*, 46 F.3d at 1312) (internal quotation marks omitted). Generally, courts consider four factors in determining good cause: "(1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed." *Mathies v. Silver*, 450 F. App'x 219, 222 (3d Cir. 2011) (citing *MCI Telecomms. Corp.*, 71 F.3d at 1097-98). "Half-hearted efforts" at service which fail to meet the standard and "disregard for . . . the 'technical niceties' of service of process" do not amount to good cause. *Ayres*, 99 F.3d at 568 (citing *Petrucelli*, 46 F.3d at 1307).

Even in the absence of a showing of good cause, a court has broad discretion to extend the time for service. *See Petrucelli*, 46 F.3d at 1305. In exercising this discretion, the Court looks to several factors, including: (1) actual notice of the legal action; (2) prejudice to the defendant; (3) the statute of limitations on the underlying cause of action; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other additional factors that may be relevant. *See Chiang v. United States SBA*, 331 F. App'x 113, 116 (3d Cir. 2009). These factors are considered in light of the Third Circuit's "preference that cases be disposed on the merits whenever practicable." *Anderson v. Mercer County Sheriff's Dep't*, 2014 U.S. Dist. LEXIS 71776, at *13 (D.N.J. 2014) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (internal quotation marks omitted).

### B. Analysis

To perfect service on the United States, Plaintiff was required to comply with Rule 4(i) by (1) delivering a copy of the summons and the complaint to the United States Attorney for the District of the Virgin Islands or to an assistant United States Attorney or clerical employee

4

designated to accept service;[3] and (2) sending a copy of the summons and the complaint, by certified or registered mail, to the Attorney General of the United States in Washington, D.C. *See* FED. R. CIV. P. 4(i)(1)(A)-(B). Plaintiff was "responsible for having the summons and complaint served within the time allowed by Rule 4(m)." FED. R. CIV. P. 4(c)(1).

On April 10, 2015, Plaintiff filed with the Court a document entitled "Proof of Service," which shows proof of service on then Attorney General of the United States, Eric H. Holder, Jr. (*See* Dkt. No. 3 at 1).[4] The document does not reflect that the summons and the complaint were served on the United States Attorney for the District of the Virgin Islands. (*See id*.). Service of the summons and the complaint on only the Attorney General of the United States does not constitute proper service under Rule 4(i). *See McMasters v. United States*, 260 F.3d 814, 817-18 (7th Cir. 2001) (finding service on the United States was improper where the plaintiff had properly served the Attorney General, but failed to serve the United States Attorney). Plaintiff was also required to serve the United States Attorney for the District of the Virgin Islands. *See* FED. R. CIV. P. 4(i)(1)(A). Accordingly, the Court finds that Plaintiff has failed to effect proper service on the United States.

### 1. Good Cause

While Plaintiff's failure to effect proper service might, under appropriate circumstances, warrant dismissal of this action under Rule 12(b)(5) for insufficient service of process, "[t]he Third Circuit has construed Rule 4(m) as requiring a court to extend time for service where the plaintiff demonstrates good cause." *Veal v. United States*, 84 F. App'x 253, 254 (3d Cir. 2004) (citing *McCurdy v. Amer. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998)). Because Plaintiff has

---

[3] The United States Attorney can also be served via registered or certified mail addressed to the civil-process clerk at the United States Attorney's office. *See* FED. R. CIV. P. 4(i)(1)(A)(ii).

[4] It appears from the "Proof of Service" that the summons and complaint was hand-delivered to the office of former Attorney General Holder. (*See* Dkt. No. 3 at 1).

not filed an Opposition or otherwise responded to the United States' Motion to Dismiss, the Court has no basis for determining whether there is good cause to extend the time for service in this matter. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) ("In determining whether good cause exists, a court's 'primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'") (quoting *MCI Telecomms. Corp.*, 71 F.3d at 1097). Accordingly, good cause does not provide a basis for extending the time for service under the circumstances here.[5]

### 2. Discretion to Extend Time for Service

Even in the absence of good cause, a court "must consider whether any other factors warrant extending time [for service]." *Veal*, 84 F. App'x at 256 (quoting *Petrucelli*, 46 F.3d at 1307) (internal quotation marks omitted)). Such factors include, for example, actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying cause of action; and whether the plaintiff is represented by counsel. *See Chiang*, 331 F. App'x at 116.

The Court has considered each of these factors and concludes that a brief extension of time within which to perfect service of process is warranted. Specifically, the Court finds that the United States Attorney for the District of the Virgin Islands has had actual notice of this action, as evidenced by the filing of the instant Motion to Dismiss, and therefore would not be prejudiced by an extension of time for service. *See Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988) (holding that a defendant with actual notice of the claims and underlying facts and legal theories "cannot complain of undue prejudice"); *see also John v. McHugh*, 2010 U.S. Dist. LEXIS 105016, at *20 (D.V.I. Sept. 30, 2010) ("Actual notice to the defendant that an action has been filed precludes a finding of prejudice."). The Court also notes that the six-month statute of

---

[5] As noted earlier, after granting Plaintiff's four motions for extension of time within which to respond to Defendant's Motion to Dismiss—and warning that no further extensions would be granted—Plaintiff filed yet another motion for extension of time, which the Court denied. The Court is not required to grant an endless number of motions for extension of time in order to provide Plaintiff with a fair opportunity to establish good cause.

limitations period under the Federal Tort Claims Act, 28 U.S.C. § 2401(b), appears to have expired;[6] therefore, Plaintiff may be time-barred from re-asserting her negligence claim against the United States if an extension of time is not granted. *See Veal*, 84 F. App'x at 256 (vacating dismissal of the plaintiff's complaint where, despite the absence of good cause, several factors weighed in favor of extending time for service, including the fact that the statute of limitations had run on the plaintiff's claim). Accordingly, under the circumstances, the Court will exercise its discretion to afford Plaintiff additional time to effect proper service of process on the United States.

### III. CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss will be denied, without prejudice. Plaintiff will have up to and including **March 21, 2016** within which to perfect service of process on the United States. Failure to do so—within the time prescribed—may result in dismissal of this action. An appropriate Order accompanies this Memorandum Opinion.

Date: February 19, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge

---

[6] Section 2401(b) of the Federal Tort Claims Act provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of claim by the agency to which it was presented." 28 U.S.C. § 2401(b). While the parties appear to disagree as to whether the complaint in this action was filed within the six-month time frame, under either position, the time for filing would now have expired. *Compare* (Dkt. No. 8 at 4) (stating that the complaint was filed one day after the statute of limitations expired on March 24, 2015) *with* (Dkt. No. 1 at 2, ¶ 5) (stating that Plaintiff received denial of her administrative claim on September 29, 2014).